154 So. 525

## GORDY v. KING.

### 5 Div. 172.

Supreme Court of Alabama.

April 26, 1934.

Wm. S. Duke, of Opelika, for appellant.

E. Herndon Glenn, of Opelika, for appellee. Brief did not reach the Reporter.

BROWN, Justice.

The appellant filed a petition in the probate court of Lee county praying that G. W. King, the executor of the last will and testament of Sarah Loette Gordy, be required to give bond. Said petition coming on for hearing, on August 7, 1933, an order was entered by the probate court requiring the executor to give a bond on or before September 7, 1933.

On August 8, 1933, the executor filed a petition praying that the administration of the estate be removed from the probate court to the circuit court in equity, and on August 10th the circuit court entered an order removing the administration of the estate into the circuit court. Thereupon appellant filed a petition for the removal of the executor, on the ground that he had not complied with the order entered by the probate court.

On the hearing of the last-mentioned petition, the circuit court granted the executor further time in which to give bond—until noon of November 21, 1933—and further ordered that in the event the said executor failed to comply with the order, that "said G. W. King be and he is thereupon removed as executor of said estate," and requiring him to make final settlement of his executorship.

The sole contention of the appellant is that the circuit court was without authority to grant the executor further time to execute a bond.

We are of opinion that this was a matter addressed to the sound discretion of the circuit court.

However, the order from which the appeal is prosecuted is not such a decree as will support an appeal, and the appeal will be dismissed.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.