**Cora O. JONES, as Administratrix etc.,**

**v.**

**O. E. JONES et al.**

4 Div. 353.

Supreme Court of Alabama.

Dec. 11, 1969.

Patterson & Rinehart, Montgomery, for appellant.

W. H. Baldwin, Andalusia, for appellees.

MADDOX, Justice.

The appellant is the administratrix of the estate of her late husband, O. O. Jones, who died intestate in Covington County, Alabama. The appellees in this cause are the four children of O. O. Jones by a prior marriage.

The widow was appointed administratrix in the Probate Court of Covington County. Upon the petition of one of her stepchildren, Joyce Waldrop, the administration of the estate was moved to the Circuit Court.

A controversy developed between the widow and her husband's heirs over whether a promissory note payable to her and her late husband should have been included as an asset of the estate. The widow claims that the note is personal property to which she is entitled by right of survivorship.

She says that the note was owned jointly and is therefore an estate by the entireties under the law of Florida, the state where she and her deceased husband lived at the time of the execution of the note. The widow further maintains that the law of Florida should govern the ownership of the note even though she and her late husband subsequently moved to Alabama. The heirs claim that the Alabama laws of descent and distribution apply because the note was brought into Alabama where the deceased and his widow were residents at the time of his death.

The heirs asked the trial court for an order increasing the administratrix's bond due to her failure to list the note as an asset of the estate. The trial court granted the heirs' petition and ordered the widow to increase her bond. After the trial court denied her petition for rehearing, she then took this appeal.

The appellees contend that the order entered by the trial court is not a final appealable order. We agree.

The pertinent part of the trial court's decree provides:

" * * * The only matter in dispute in this cause being whether or not a promissory note secured by a mortgage on Florida real estate should be an asset of the estate of O. O. Jones, deceased. The Court having considered the evidence and the briefs of counsel is of the opinion that the cause of McGuire vs. Andre, 65 Southern 2d 185 [259 Ala. 109, 65 So. 2d 185], is controling and that one-half of the amount due under the note is an asset of the estate of O. O. Jones, deceased, and that the respondent-cross petitioner's bond should be increased to the total amount of $31,000.

IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the respondent-cross petitioner should increase her bond to $31,000.00; it is further ordered that she be allowed thirty (30) days in which to post said additional bond. * * * "

In the case of Gordy v. King, 228 Ala. 532, 154 So. 525 (1934), this court held that an order very similar to the one here was not such a decree as would support an appeal. The appellant contends that Gordy v. King, supra, can be distinguished on the ground that in the instant case the trial court made a final determination that the note was an asset of the estate, and that the order of the trial court therefore would be res judicata. We do not so read the order of the trial judge. The decree of the court makes no distribution of the asset, but merely requires the administratrix to post an additional bond. While the order may be a forecast of what the trial court might decree or approve on final distribution, it does not have the finality which is required to support an appeal.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.